IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-803-UNA |
| | ) | Del. Super Cr. ID. 1512003035 |
| SHIRA L. SHEPPARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington this 20th day of September, 2016, for the reasons set forth below;

IT IS ORDERED that: (1) the motion to stay and for injunctive relief (D.I. 4) is **denied** as moot; and (2) the case is summarily **remanded** to the Superior Court of the State of Delaware in and for Kent County.

1. On June 6, 2016, the defendant Shira L. Sheppard ("Sheppard") was indicted in the Superior Court of the State of Delaware in and for Kent County ("Superior Court") on one count of carrying a concealed deadly weapon in violation of 11 Del. C. § 1442. (D.I. 2, ex. 1.)

2. On September 13, 2016, Sheppard filed a notice of removal of the criminal matter from the Superior Court. (D.I. 2.) She appears *pro se* and seeks leave to proceed *in forma pauperis*. (D.I. 1.) Hearing in the criminal matter is scheduled in State Court on September 20, 2016. Sheppard seeks a stay of the proceedings. (D.I. 4.)

3. In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252

(3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

4. Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.[1] 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that [s]he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that [s]he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(1)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

---

[1] Section 1443(2) is inapplicable. This subsection "'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Pennsylvania v. Randolph*, 464 F. App'x 46, 47 (3d Cir. 2012) (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966).

5. The notice of removal does not meet the required requisites. Sheppard does not allege that the State court litigation involves issues of racial equality. In addition, the issues raised by Sheppard are rights that are certainly enforceable in state court. It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. For the above reasons, the court will deny Sheppard's pending motion as moot and will summarily remand the case to the Superior Court.

UNITED STATES DISTRICT JUDGE